IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAUREN B.<br><br>        Plaintiff,<br><br>v.<br><br>BAXTER INTERNATIONAL INC. AND SUBSIDIARIES WELFARE BENEFIT PLAN FOR ACTIVE EMPLOYEES,<br><br>        Defendant. | Case No. |

## COMPLAINT

Plaintiff, LAUREN B., herein sets forth the allegations of her Complaint against Defendant BAXTER INTERNATIONAL INC. AND SUBSIDIARIES WELFARE BENEFIT PLAN FOR ACTIVE EMPLOYEES.

## JURISDICTION

1.    This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

## THE PARTIES

2. Plaintiff Lauren B. (DOB 07/XX/88) is and was at all relevant times a resident of Lake County, Illinois, located in the Northern District of Illinois. Thus, venue is proper in this judicial district pursuant to 29 U.S.C § 1132(e)(2).

3. Plaintiff was at all relevant times a covered participant under a behavioral health benefit plan issued by Baxter International, Inc. ("Baxter" or "the Plan"), an employee welfare benefit plan regulated by ERISA (Identification no. 839251594). Plaintiff is informed and believes that Baxter is a corporation with its principal place of business in the State of Illinois, authorized to transact and transacting business in this judicial district, the Northern District of Illinois, and can be found in the Northern District of Illinois.

4. The Plan provides behavioral health and mental health benefits which are self-funded by Baxter. A true and correct copy of the Plan is attached hereto as Exhibit A.

5. The behavioral health benefits under the Plan are administered by Blue Cross Blue Shield of Illinois ("BCBSIL").

## FIRST CAUSE OF ACTION
## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

6. Plaintiff incorporates by reference paragraphs 1 through 5 as though fully set forth herein.

7. Plaintiff is a 25-year old young woman who suffers from bulimia nervosa and major depressive disorder, severe mental illnesses defined under federal law (Federal Mental Health Parity and Addiction Equity Act of 2008 (hereinafter "MHPAEA"). Plaintiff also suffered from poly-substance abuse.

8. On October 22, 2012, Plaintiff was admitted to Timberline Knolls, a treatment center in Lemont, Illinois, for residential treatment of her eating disorder.

9. Prior to her admission, Timberline Knolls contacted BCBSIL, the Plan's claims administrator, by telephone and requested pre-authorization for benefits for Plaintiff's residential treatment. BCBSIL denied authorization, claiming residential benefits were not covered under the Plan. On September 12, 2012, BCBSIL issued a letter denying residential benefits.

10. On or about September 22, 2012, Plaintiff's father submitted an appeal to Baxter on Plaintiff's behalf.

11. On October 6, 2012, Plaintiff completed residential treatment and discharged from Timberline Knolls. Plaintiff incurred the entire cost of her residential treatment at Timberline Knolls.

12. On October 29, 2012, Baxter issued a letter denying the appeal. The letter stated that the Administrative Committee of Baxter International denied benefits because residential treatment is not a covered benefit. The letter stated that "even though the summary plan description does not specifically exclude residential treatment from coverage," the summary plan description provides the following statement explaining that additional services may also not be covered:

> The preceding list provides a general description of services and supplies not covered by the Baxter Medical Plan. There may be additional services and supplies that the Plan does not cover. The standards for covering different services and supplies may be changed from time to time without notice. If you have any question as to whether a particular service or supply is covered, check with the carrier before incurring the expense.

13. Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

(a) Violation of the Federal Mental Health Parity Act ("MHPAEA") which requires that any group health plan, issued on or after October 1, 2009 and which provides mental health coverage, must ensure that "the treatment

limitations" applicable to mental health coverage "are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits." Subd. (a)(3)(A)(iii). The statute's definition of "mental health" includes bulimia nervosa and major depressive disorder. The statute defines "treatment limitation" as including "limits on the frequency of treatment, number of visits, day of coverage or other similar limits on the scope or duration of treatment." Subd. (a)(3)(B)(iii). The MHPAEA requires that a group health plan not "impose a non-quantitative treatment limitation with respect to mental health or substance use disorder benefits in any classification unless, under the terms of the plan as written and in operation, any processes, strategies, evidentiary standards, or other factors used in applying the non-quantitative treatment limitation to mental health or substance use disorder benefits in the classification are comparable to, and are applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation with respect to medical surgical/benefits in the classification, except to the extent that recognized clinically appropriate standards of care may permit a difference."

(b)     Violation of applicable state mental health parity law(s) which require mental health benefits to be comparable to benefits for physical illnesses. The Plan provides medical/surgical benefits at a skilled nursing facility, rehabilitation hospital or sub-acute facility but fails to provide comparable benefits for mental health treatment at specialized mental health facilities, such as residential treatment facilities;

(c)     Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(d) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts, laws and Plan provisions, for the denial of the claims for medical benefits;

(e) Failure to promptly provide claims and appeals decisions within applicable time limits required by ERISA and the Plan; and

(f) Failure to properly and adequately investigate the merits of the claims.

13. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

14. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

15. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred for the treatment.

16. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

17. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
## FOR EQUITABLE RELIEF

18. Plaintiff refers to and incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

(b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.


Dated: October 23, 2013               KANTOR & KANTOR LLP



                                      By: _____/S/ Lisa S. Kantor
                                      _____
                                      Lisa S. Kantor
                                      Elizabeth K. Green
                                      Attorneys for Plaintiff,
                                      Lauren B.

Lisa S. Kantor, Esq. CA. State Bar No. 110678 (Seeking Pro Hac Vice admission)
  e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. CA. State Bar No. 199634 (Seeking Pro Hac Vice admission)
  e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
LAUREN B.


Local Counsel:


Mark D. DeBofsky, IL State Bar No. 3127892
DeBofsky & Associates, PC
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
(312) 561-4040
email: mdebofsky@debofsky.com

Lisa S. Kantor, Esq. CA. State Bar No. 110678 (Seeking Pro Hac Vice admission)
  e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. CA. State Bar No. 199634 (Seeking Pro Hac Vice admission)
  e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
LAUREN B.


Local Counsel:


Mark D. DeBofsky, IL State Bar No. 3127892
DeBofsky & Associates, PC
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
(312) 561-4040
email: mdebofsky@debofsky.com