# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAUREN B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 7674 |
| | ) |
| BAXTER INTERNATIONAL INC. AND | ) |
| SUBSIDIARIES WELFARE BENEFIT PLAN | ) |
| FOR ACTIVE EMPLOYEES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Baxter International Inc. and Subsidiaries Welfare Benefit Plan for Active Employees (the "Plan"), as defendant in this action brought against it by the plaintiff listing herself as "Lauren B." ("Lauren"), has moved to amend the case caption to reflect Lauren's legal name instead. To that end the Plan's motion adduces two principles supporting that reading of Fed. R. Civ. P. 10(a):

> First, the courts are public institutions and allowing a party to proceed anonymously threatens to undermine the public's faith in its legal system. *See Doe v. Blue Cross Blue Shield of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). ("The people have a right to know who is using their courts."). Second, knowledge of the parties' identities assures judicial impartiality to those involved in litigation. *See, e.g., Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) ("Disclosure of the party's true name should [ ] be made in the district court so that the district judge can determine whether to recuse himself[.]").

As for the second stated purpose, that can readily be served by an in camera disclosure to this Court -- remember that the Plan already knows Lauren's identity, and the prospect of a recusal is frankly so remote as to approach the vanishing point asymptotically. Hence any support for the Plan's position on that score will readily be eliminated by a disclosure to this Court (under seal of course) by Lauren's counsel, and this Court so orders.

As for the first (and clearly more serious) purpose called upon by the Plan, this Court has long been an advocate and -- with very limited exceptions -- a consistent practitioner of a standard that disfavors the maintenance of litigation or any of its elements under seal, a principle most frequently and strongly advanced in this circuit by Judge Richard Posner (and, in a way, reflective of Justice Brandeis' famous aphorism in his book Other People's Money, "Sunlight is said to be the best of disinfectants"). Thus Judge Posner authored for our Court of Appeals the Blue Cross Blue Shield opinion cited by the Plan -- but the somewhat pious incantation voiced by the Plan in its motion (remember that it is not invoking a "right to know" in its own interest, but rather by way of purported advancement of the public weal) ignores the more nuanced discussions by Judge Posner in such more recent cases as Doe v. City of Chicago, 360 F. 3d 667, 669 (7th Cir. 2004) and Goesel v. Boley Int'l (H.K.) Ltd., 738 F. 3d 831, 833 (7th Cir. 2013).

In the most recent of the cases cited by the parties, Goesel,[1] the Court of Appeals' discussion began by quoting the general proposition stated in earlier cases that "documents that affect the disposition of federal litigation are presumptively open to public view" (id. at 833). Then the court went on to state (id.):

> A litigant is allowed, for example, . . . if there are compelling reasons of personal privacy, to litigate under a pseudonym.

And on that score Goesel cited Doe v. City of Chicago, 360 F. 3d at 669, which posed the issue in these terms (several citations omitted):

---

[1] At the District Court level that case had been dealt with by this Court as what it then viewed as one of the limited exceptions adverted to earlier. There this Court had granted the litigants' motion to maintain the terms of their privately negotiated settlement under seal. But when that issue was posed on appeal Judge Posner, acting in his capacity as motions judge, distinguished between the ordinary case in which such an order is entirely appropriate and a case in which judicial approval is required (that was true because the lawsuit was on behalf of a minor, so that this District Court's LR 17.1 required this Court's approval of the settlement).

- 2 -

The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff (normally the plaintiff is the party whose identity is concealed, except in cases in which the defendant's identity is unknown to the plaintiff when the suit is brought) exceeds the likely harm from concealment.

In this instance that balancing of harms favors Lauren's opposition to the Plan's motion -- there are indeed "compelling reasons of personal privacy" at issue. Lauren's response confirms that her severe mental illnesses, including but not limited to the long-standing eating disorder from which this young woman suffers, create death risks and a threat to her recovery that public disclosure would entail.

In summary, this is truly the exceptional case that rebuts the general presumption referred to earlier, because the identified harm and risk of harm to Lauren that public disclosure of her identity would create clearly exceeds the likely harm (if any) from concealment. Accordingly the Plan's motion is denied.

Milton I. Shadur
Senior United States District Judge

Date: March 10, 2014